# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

───────────────────

№ 09-MC-0227 (JFB)

───────────────────

IN RE: SUNIL PARIKH,

                Debtor.

───────────────────

JOHN DESIDERIO,

                Plaintiff-Appellant,

VERSUS

SUNIL PARIKH,

                Defendant-Appellee.

───────────────────

MEMORANDUM AND ORDER
July 30, 2009

───────────────────

JOSEPH F. BIANCO, District Judge:

John Desiderio, plaintiff-appellant in the above-captioned action, seeks leave to file, pursuant to 28 U.S.C. § 158(a)(3), an interlocutory appeal of an order denying summary judgment issued by the Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge, in Bankruptcy Case No. 07-72869-478, Adversary Proceeding No. 08-08062-478. For the reasons stated below, Desiderio's motion is denied.

I. STANDARD OF REVIEW

Since Desiderio seeks to appeal a denial of

summary judgment, which is an interlocutory order,[1] it is well-settled that the relevant standard is that set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from United States District Courts to the United States Courts of Appeals. *McKenzie-Gilyard v. HSBC Bank Nevada, N.A.,* No. 08-CV-0160 (SLT), 2008 WL 2622931, at *2 (E.D.N.Y. July 1, 2008); *see also In re Enron Corp.*, 316 B.R. 767, 771 (S.D.N.Y. 2004); *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held [that] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted.") (citing *In re Kassover*, 343 F.3d 91 (2d Cir. 2003)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, Desiderio's motion can only be granted if it establishes that "'the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *McKenzie-Gilyard*, 2008 WL 2622931, at *2 (quoting *In re Enron*, 316 B.R. at 771-72); *see also In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007); *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002). In addition, Desiderio has the burden to show that "exceptional circumstances" exist that warrant an interlocutory appeal, to "justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *In re Adelphia Commc'ns Corp.*, No. 07-CV-9999 (NRB), 2008 WL 361082, at *2 (S.D.N.Y. Feb. 7, 2008); *McKenzie-Gilyard*, 2008 WL 2622931, at *2; *In re Perry H. Koplik & Sons,* 377 B.R. at 73; *Perera v. Cogan*, 265 B.R. 32, 34 (S.D.N.Y. 2001).

## II. DISCUSSION

Desiderio claims that the Bankruptcy Court committed two points of error that warrant an interlocutory appeal, specifically, he decries: (1) that the Bankruptcy Court failed to adhere to Rule 7056-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (hereinafter, "LBR 7056-1"),[2] because it

---

[1] *See, e.g., Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760 (2d Cir. 2003) ("Ordinarily, the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment.") (internal citation and quotation marks omitted).

[2] Rule 7056-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York provides:

> A motion for summary judgment pursuant to Bankruptcy Rule 7056 shall include a separate statement of the material facts as to which the moving party contends there is no genuine issue to be tried . . . The opposition to a motion for summary judgment shall include a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed to be

2

should have deemed facts that were not competently refuted by appellee in a counter-statement of material facts as admitted; and (2) that the Bankruptcy Court failed to apply the appropriate standard in considering his motion for summary judgment because appellee did not competently refute material facts established by the appellant. For the reasons stated below, the Court finds that neither alleged error satisfies the exacting standard that authorizes an interlocutory appeal.

First, appellant is not entitled to an interlocutory appeal based on his claim that the Bankruptcy Court erred in its application of LBR 7056-1. That alleged error does not present a controlling question of law for which there is a substantial ground for difference of opinion, because it is not only well-settled that a court has broad discretion to overlook technical violations of local rules, but, moreover, the specific rule is virtually identical and analogous to Local Civil Rule 56.1 (that this Court regularly implements in civil actions), for which the Second Circuit has steadfastly maintained that it is acceptable for a district court to overlook failure to comply with the rule in favor of an independent review of the record to determine whether disputed issues of material fact exist. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that a district court has "broad discretion . . . to overlook a party's failure to comply with local court rules" and

admitted by the opposing party unless controverted by the statement required to be served by the opposing party. Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

otherwise review the record independently, including where one of the parties has failed to file a Local Rule 56.1 statement regarding the disputed issues of material fact for summary judgment); *see also DiRienzo v. Metro. Transp. Auth.*, 237 Fed. Appx. 642, 646 (2d Cir. June 20, 2007) (noting that on remand, district court had to "decide whether to consider only the facts in Defendants' [uncontested] Rule 56.1 Statement or, in an exercise of its discretion, to consider other facts contained in the record"); *Schroeder v. Suffolk Co. Cmty. Coll.*, No. 07-CV-2060 (JFB), 2009 WL 1748869, at *1 n.1 (E.D.N.Y. June 22, 2009) (overlooking non-movants failure to file counter-statement of material facts pursuant to Local Rule 56.1; denying summary judgment); *Pender v. State of N.Y. Office of Mental Retardation and Developmental Disabilities*, No. 02-CV-2438 (JFB), 2006 WL 2013863, at *1 n.1 (E.D.N.Y. July 18, 2006) (overlooking party's failure to submit counter-statement of material facts pursuant to Local Rule 56.1), *aff'd*, 225 Fed. Appx. 17 (2d Cir. May 25, 2007). In fact, courts need to be wary of use of that rule as a technical vehicle to relieve the movant's burden in a motion for summary judgment. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (noting that the fact that plaintiff failed to comply with Local Rule 56.1 "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 Statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record"). Here, it is evident that the Bankruptcy Court acted well within its discretion to overlook any defects in appellee's LBR 7056-1 statement, and conduct an independent review of the record to determine that material issues of fact existed, which would make it improper

to grant summary judgment.³ Accordingly, appellant is not entitled to an interlocutory appeal on this alleged point of error, not only because there can be no legitimate difference of opinion as to whether the Bankruptcy Court was permitted to exercise its discretion in overlooking any defects under LBR 7056-1, but appellant has also plainly failed to meet his burden to demonstrate that such an alleged technical violation of the local rule rises close to "extraordinary circumstances," warranting an interlocutory appeal.

Further, appellant is also not entitled to an interlocutory appeal on his claim that the Bankruptcy Court committed error in applying the summary judgment standard, based upon his assertion that the appellee failed to offer competent evidence that created material issues of disputed fact. A Bankruptcy Court's holding that there exists disputed issues of material fact does not present a "pure question of law" that this Court can "decide quickly without having to study the record," as is required for an interlocutory appeal. *Stone v. Patchett*, No. 08-CV-5171 (RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) ("The 'question of law' certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record") (internal citation and quotation marks omitted); *see also McKenizie-Gilyard*, 2008 WL 2622931, at *3 (bankruptcy court's denial of summary judgment based upon disputed issues of material fact does not constitute a controlling question of law; denying leave to file an interlocutory appeal); *Traversa v. Educ. Credit Mgmt. Corp.*, 386 B.R. 386, 389 (D. Conn. 2008) (district court's finding that the factual record was insufficient to grant summary judgment did not present "a controlling question of law as to which there is substantial ground for difference of opinion"; denying leave to file an interlocutory appeal). In the instant case, after reviewing the record and conducting oral argument, Judge Eisenberg found disputed issues of material fact existed that precluded summary judgment. Her decision did not involve any controlling question of law as to which there is a substantial ground for a difference of opinion, but rather involved a review of the factual record under the summary judgment standard. Nor are there exceptional circumstances in connection with that alleged error that would warrant interlocutory review under the circumstances of this case. Accordingly, there is no basis for interlocutory review of the denial of summary judgment.

---

³ The Court has reviewed the transcript of the March 29, 2006 oral argument before Judge Eisenberg, where it is plain that Judge Eisenberg acted prudently and well within her discretion in diligently scrutinizing the record to determine that there were disputed issues of fact, noting, *inter alia*, that many of the facts asserted by appellant were refuted by the debtor's testimony, and that resolution of appellant's claims would require an evaluation of the credibility of the testimony of the parties, for which a trial on the merits was required. Appellant's argument that Judge Eisenberg did not exercise her discretion to overlook technical defects in the LBR 7056-1 because she did not explicitly state on the record that she was exercising her "discretion" is without merit; that she was exercising such discretion is plainly exhibited by the fact that appellant presented the argument that Judge Eisenberg should implement LBR 7056-1 to deem certain facts undisputed, and that Judge Eisenberg implicitly rejected such by independently analyzing the evidence on the record, including extensively questioning the parties about material facts she deemed to be in dispute, and by concluding with a denial of appellant's motion for summary judgment.

III. CONCLUSION

In sum, plaintiff-appellant's motion for leave to file an interlocutory appeal is DENIED. The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 30, 2009
Central Islip, New York

\* \* \*

The plaintiff-appellant was represented by John S. Desiderio, Esq., 18 Bedford Avenue, Garden City Park, NY 11040. The defendant-appellee was represented by Marc A. Pergament, Esq., of Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 403, Garden City, NY 11530.